# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANHEUSER-BUSCH, INC., ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 10-cv-1601 |
| ) | |
| STEPHEN B. SCHNORF, ET AL., ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.3(b), Defendants Stephen B. Schnorf, John M. Aguilar, Daniel J. Downes, Sam Esteban, Michael F. McMahon, Martin Mulcahey, Donald M. O'Connell, and Richard Haymaker move for an order staying briefing on attorneys' fees and costs pending resolution of the appeal taken by Plaintiffs Anheuser-Busch, Inc. and WEDCO [144]. For the reasons set forth below, Defendants' motion to stay [144] is respectfully denied.

**I.  Background**

On March 10, 2010, the Illinois Liquor Control Commission ruled that the State's Liquor Control Act precludes beer producer Anheuser-Busch, Inc. from acquiring, through its affiliate WEDCO, a 100% ownership interest in distributor CITY Beverage. The Commission explained that "[p]reserving Illinois' three-tier distribution system of alcoholic liquor is a fundamental objective of the Liquor Control Act and the Illinois legislature for reasons of public policy." Plaintiffs Anheuser-Busch, WEDCO, and CITY Beverage filed this lawsuit on the same day challenging the Commission's interpretation on various federal constitutional grounds. They alleged that the Commission's ruling "threaten[ed] to scuttle a unique and important

acquisition," denied them "the benefits of the transaction and its synergies," and prevented them from "compet[ing] on equal footing" with two small, in-state beer producers (Argus and Big Muddy) that exercised self-distribution rights. In addition to requesting a declaration that the Commission's interpretation was unconstitutional, Plaintiffs asked the Court to use its discretion in fashioning a remedy that would extend self-distribution rights to all beer producers regardless of their location, so that Anheuser-Busch could proceed with its acquisition of WEDCO.

On September 3, 2010, after six months of expedited proceedings following the filing of the complaint in this case, the Court granted Plaintiffs' motion for partial summary judgment, holding that Defendants' enforcement of the Illinois Liquor Control Act of 1934 (the "Liquor Control Act") violated the Commerce Clause of the United States Constitution insofar as it permits in-state, but not out-of-state, producers to self-distribute. However, the Court declined Plaintiffs' request to remedy the unconstitutionality of Illinois' system by extending the self-distribution privilege to out-of-state brewers, concluding that Plaintiffs' proposed remedy would be more disruptive to the existing statutory and regulatory scheme than the alternative remedy of withdrawing the self-distribution privilege from in-state brewers. The Court stayed its order until March 31, 2011, to give the Illinois legislature time to amend the Liquor Control Act.

On October 29, 2010, after Plaintiffs dismissed their other remaining claims, the Court entered final judgment against Defendants and in favor of Plaintiffs. On November 3, 2010, AB Inc. and WEDCO filed a notice of appeal from this Court's September 3 opinion and October 29 final judgment on the sole issue of the proper remedy for Defendants' violation of the Commerce Clause. The Seventh Circuit originally set the following briefing schedule on Plaintiffs' appeal: Plaintiffs' opening brief was due December 13, 2010; Defendants' response was due January 12, 2011; and Plaintiffs' reply was due January 26, 2011. However, Plaintiffs filed an unopposed

motion for an extension to file their opening brief, which the Seventh Circuit granted. The current schedule requires AB Inc. and WEDCO to file their opening brief by January 18, 2011, Defendants to file their response brief by February 17, 2011, and AB Inc. and WEDCO to file their reply by March 3, 2011. Because Defendants did not cross-appeal, the sole issue on appeal concerns this Court's determination that extension, rather than nullification, is the proper remedy for Defendants' constitutional violation.

Plaintiffs contend that in light of their success on the Commerce Clause claim, AB Inc. and WEDCO are entitled to their attorneys' fees incurred in prosecuting this action pursuant to 42 U.S.C. § 1988, which permits a court to award reasonable attorneys' fees to a prevailing civil rights plaintiff. On October 25, 2010, AB Inc. and WEDCO initiated the meet and confer process mandated by Local Rule 54.3 prior to filing a motion for attorneys' fees. AB Inc. and WEDCO indicate that they are prepared to file their request for fees as soon as the meet and confer process is concluded, and in no event later than January 28, 2011, the deadline under Local Rule 54.3 for the filing of their motion.[1]

## II. Analysis

Defendants request that the Court stay briefing on Plaintiffs' requests for attorneys' fees and costs until after Plaintiffs' appeal is resolved. Defendants contend that if fees and costs are briefed now, the parties will be forced to address—and the Court will be called upon to decide— three separate but interrelated issues that may be moot if the Seventh Circuit reverses the Court's remedy on appeal: (i) whether Plaintiffs qualify for "prevailing party" status (see, e.g., *Cady v. City of Chicago*, 43 F.3d 326 (7th Cir. 1994); *Rhodes v. Stewart*, 488 U.S. 1 (1988); *Hewitt v.*

---

[1] In addition, on November 29, 2010, AB Inc. and WEDCO filed a Bill of Costs in the amount of $2,867.65. See [DE 142]. In their motion to stay briefing, Defendants indicate that they object to the bill of costs on the ground that Plaintiffs are not "prevailing parties" entitled to costs. *See* Fed. R. Civ. P. 54(d)(1).

*Helms*, 482 U.S. 755 (1987)); (ii) whether Plaintiffs should be prohibited from recovering fees because they obtained, at best, a "de minimis" or "technical" victory (see, *e.g.*, *Maul v. Constan*, 23 F.3d 143 (7th Cir. 1994); *Cartwright v. Stamper*, 7 F.3d 106 (7th Cir. 1993); *Farrar v. Hobby*, 506 U.S. 103 (1992)); and (iii) whether any fee award should be reduced based on Plaintiffs' limited overall success in the litigation (see, *e.g.*, *Jay C. v. Bd. of Educ. of City of Chicago*, 2009 WL 3596175 (N.D. Ill. Oct. 30, 2009); *Catalan v. RBC Mortgage Co.*, 2009 WL 2986122 (N.D. Ill. Sept. 16, 2009); *Warlick v. Cross*, 1990 WL 172576 (N.D. Ill. Oct. 29, 1990)). In short, Defendants contend that because this Court did not enter the specific injunctive remedy requested by AB Inc. and WEDCO, Plaintiffs do not qualify as prevailing parties and have only achieved "de minimis" or "technical" victories or a "limited degree of success." Although Defendants remain "confident that the Court's ruling on the remedy will be upheld on appeal," they maintain that any chance of reversal—even if slight—warrants a stay here.

Even in cases where an appeal could affect or moot some questions at issue in the district court, the Seventh Circuit has expressed a clear preference for timely adjudication of attorneys' fee motions. In *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980), the Seventh Circuit rejected the suggestion that attorneys' fees motions should await resolution of a pending appeal, holding that "district courts in this circuit should proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible." The Court fashioned a policy intended to avoid piecemeal appeals and "duplication of effort * * * at the appellate level," noting that a party dissatisfied with the district court's fees ruling may consolidate their fees appeal with the pending merits appeal. *Id.* The Court also noted that prompt adjudication of attorneys' fees motions is preferable, while the district court is still familiar with "the merits of the parties' positions, the reasonableness of the attorneys' time sheets, the competence of the attorneys, etc." *Id.*

4

Courts within this circuit have extended this doctrine to bills of costs, holding that district courts should rule on bills of costs as "expeditiously as possible," even while appeals are pending, to avoid burdening the Seventh Circuit with piecemeal appeals. See *Collins v. Collins*, 2007 U.S. Dist. LEXIS 41981 at *7 (N.D. Ill. Apr. 24, 2008) (holding that "an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals"); *Barton v. Zimmer*, 2010 U.S. Dist. LEXIS 59936 at *2-5 (N.D. Ind. June 16, 2010) (rejecting argument that ruling on bill of costs should be stayed because success on appeal might moot some of the issues to be decided on the bill of costs).

In the present case, Plaintiffs clearly won on the Commerce Clause claim and no appeal was taken. However, Defendants have raised several plausible bases for challenging Plaintiffs' fee request—especially if the fee request is, as Defendants' characterize it, "staggering." As Defendants note, the constitutional claim was resolved on summary judgment without discovery and turned on a straightforward application of *Granholm* and its progeny to the Commission's construction of state law—indeed, Plaintiffs themselves characterized the case as "straightforward" and "clear cut," noting that it turned on a "a single, well-defined question of law" calling for a "simple" application of a single case (*Granholm*). See DE 18 at 2, 4; DE 53 at 18. Furthermore, any litigation over the fee petition will involve an application of equally straightforward legal principles. Fee petitions in § 1983 actions are commonplace. The parties and the Court are familiar with the key cases; indeed, many of them are cited in Defendants' motion. Based on the briefing on the motion, the battle lines already appear to be reasonably well defined: Plaintiffs contend that they are entitled to all of their reasonable fees because they won a complete victory on the constitutional claim; Defendants counter that Plaintiffs are

5

entitled to little or no attorneys' fees because they achieved, at best, a modest victory that fell well short of their aim in bringing the litigation.

While the Court appreciates that giving shape to those battle lines may take time—and may even necessitate extending the already generous time allotted under the Local Rules—this case presents far simpler fee issues than often arise in (for example) complex patent cases, some of which require several years and more than a thousand docket entries to bring to a close. In short, any argument that the complexity of the fee issues warrants a stay pending appeal is not persuasive.

Another possible reason to give strong consideration to a stay pending appeal may arise if the case presented an extremely close question—one that could have gone either way in the district court and might be viewed as a "toss-up" on appeal. Here, the sole issue on appeal pertains to the remedy that the Court ordered after finding the constitutional violation. In the briefing and at oral argument, the parties agreed that the Court's decision as to the appropriate remedy was discretionary. Thus, the Court presumes that in order to prevail on appeal, Plaintiffs will need to show that the Court abused that discretion. The Court is reluctant to attempt any kind of detailed defense of its ruling; it is for the court of appeals to determine and apply the standard of review that it deems appropriate. For present purposes, the Court notes only that its decision to nullify rather than extend the discrimination inherent in the Commission's construction of state law tracked both the governing principles and the actual dispositions of the only closely analogous cases cited by the parties. See, *e.g, Action Wholesale Liquors v. Oklahoma Alcoholic Beverage Laws Enforcement Com'n*, 463 F. Supp. 2d 1294, 1307 (W.D. Okla. 2006) (granting summary judgment on plaintiffs' Commerce Clause claim, opining that "it would be much less disruptive to Oklahoma's long-standing regulatory scheme to remove the

exception to the three-tier system which is now unconstitutionally extended to in-state wineries, than it would be to extend the exception to all wineries," but staying entry of judgment in accordance with those rulings on the ground that "a legislative remedy is devoutly to be desired, if that can be accomplished within a reasonable time"); *Costco Wholesale Corp. v. Hoen,* 407 F. Supp. 2d 1247, 1256 (W.D. Wash. 2005) (determining that withdrawing self-distribution privileges from in-state wineries would result in "minimum damage" to Washington's three-tier system but staying the order to give the legislature time to amend the statute).

Defendants have not demonstrated that there is anything unusual about the instant case that justifies deviating from the Seventh Circuit's preference for a district court to adjudicate an attorneys' fees motion while an appeal is pending "as expeditiously as possible." Defendants argue that a stay is warranted because it would eliminate the risk that this Court would decide "prevailing-party-type issues later rendered moot by plaintiffs' appeal," allow the Court to decide attorneys' fees issues at one time for district court proceedings and appellate proceedings, and limit fees for work done in litigating attorneys' fees. However, this speculation about possible efficiencies that could be achieved by awaiting the outcome of the pending appeal is not sufficient to warrant a stay under the present circumstances. The Seventh Circuit has effectively held that avoidance of piecemeal appeals in the appellate court trumps the kinds of concerns that defendants raise. *Terket*, 623 F.2d at 34 (rejecting policy of staying attorneys' fees motions until appeal is decided because such a rule "is more likely to cause delay and wasted effort than prevent it"). The bottom line therefore is that neither the complexity of the case (in general or on the fee issue) nor the likelihood of success on appeal counsels in favor of staying the briefing on Plaintiffs' fee petition. Against that less than compelling showing by Defendants, the Court must take as a baseline the Seventh Circuit's expressed preference for prompt litigation of fee

disputes—at least in part to reduce the likelihood of successive appeals, one on the merits and another on the fee petition. Given those parameters, Defendants' motion to stay is denied.

**III.    Conclusion**

For these reasons, Defendants' motion to stay briefing on attorneys' fees and costs pending appeal [144] is respectfully denied. The parties should continue to proceed on the fee issues according to Local Rule 54.3. In view of the discussion at the motion hearing last month, should any party (or parties) believe that an extension of time is warranted, it (or they) may file an appropriate motion. Defendants are directed to file a response to Plaintiffs' bill of costs no later than the date on which they file their memorandum in opposition to Plaintiffs' fee petition.

Dated: January 3, 2011                        _____
                                                              Robert M. Dow, Jr.
                                                              United States District Judge