# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1601 | **DATE** | 5/31/2011 |
| **CASE TITLE** | Anheuser Busch, Inc., et al. vs. Schnorf, et al. | | |

**DOCKET ENTRY TEXT**

In view of the discussion on the record during the May 27 hearing and the current status of the legislation (SB 754), the Court has entered an agreed order extending the stay of its September 3 order until the earlier to occur of (1) the Governor signing SB 754 into law or (2) July 28, 2011, which the parties have calculated to be the final day of the 60 calendar day period for the Governor to act on SB 754. The parties are requested to advise the Court as soon as practicable of any action taken by the Governor on SB 754. Plaintiffs' motion to stay enforcement of September 3, 2010 order through the disposition of their appeal [175] remains under advisement. Please see below for further discussion.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

As the Court explained on the record, the original rationale for the stay – to allow the political branches of the State of Illinois an opportunity to take action on the public policy issues implicated in this litigation if they so desire [see 118, at 35-37] – remains in place. Both the Illinois House and Illinois Senate have passed SB 754 and it appears from the Illinois General Assembly website (www.ilga.gov) that the legislation was sent to the Governor on May 29. The parties have advised that the Governor has 60 calendar days to take action on the legislation and that if he declines to take action the bill becomes law at the end of that 60 day period, which the parties have calculated to be July 28, 2011. As stated above, the Court has entered an agreed order submitted by the parties that has the effect of extending the stay while the Governor considers the legislation.

As discussed at the May 27 hearing, once the Governor takes action, the rationale for any further stay may disappear. For example, if the Governor signs the bill into law, or the bill becomes law at the end of the sixty day period referenced above, it may well be the case that the remedial portion of the Court's September 3 order – and Plaintiffs' appeal of that portion of the order – will be moot. See, *e.g.*, *United States v. Munsingwear*, 340 U.S. 36, 39-41 (1950); *Zessar v. Keith*, 536 F.3d 788, 795 (7th Cir. 2008) (finding absence of live controversy where case involved "a statute no longer in existence and with no indication that the challenged practice will continue" and directing that "[t]he district court's final judgment should be vacated to the extent that it passes judgment on the pre-amendment Election Code, and that portion of the case below should be dismissed as moot"); *id.* at 793 ("We have previously held that any dispute over the constitutionality of a statute becomes moot if a new statute is enacted in its place during the pendency of the litigation, and the plaintiff seeks only prospective relief"); *Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir. 1995) ("When a challenged statute is repealed or significantly amended pending review, and a plaintiff seeks only prospective relief, a question of mootness arises"). If that transpires, a new law will govern the right to self-distribute in Illinois and the Court's views on implementing the intent of the General Assembly in regard to a superseded law would appear to be of no further significance legally – except as they may relate to the collateral issues of attorneys' fees and costs.

| STATEMENT |
|---|

See *Zessar*, 536 F.3d at 795-98; *Palmetto Properties, Inc. v. County of DuPage*, 375 F.3d 542, 546-50 (7th Cir. 2004). If, on the other hand, the Governor vetoes the bill, then the rationale for the stay may remain in place until the time for the General Assembly to take any further action to override the veto lapses. In addition, if SB 754 is not signed into law (and thus there is no new legislation), the panoply of issues in Plaintiffs' motion for an extension of the stay pending the disposition of their appeal [175] would appear to be ripe for ruling.

The bottom line is that, under the case law cited above, if new legislation goes into effect that cures the constitutional defect in the prior law, the Court's choice of remedy to fix the superseded law in all likelihood will cease to have any effect. Nothing in this minute order is intended to offer any view on any understanding or agreement between the parties concerning any future Commission action on Anheuser Busch's ownership interest in City Beverage irrespective of whether (or for how long) a stay remains in place.